UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Castillo

_____

_____

Write the full name of each plaintiff.

**18 CV 11703**

_____CV_____

(Include case number if one has been assigned)

-against-

Steven T. Mnuchin, Secretary, Department of the ~~Treasury, Agency~~

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☑ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Jose | B | Castillo |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 19 Greenfield Court | | |
|---|---|---|
| Street Address | | |

| Staten Island | NY | 10304 |
|---|---|---|
| County, City | State | Zip Code |

| 347-466-5467 | dkc.castillo@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| Steven T. Mnuchin, US Department of Treasury |
|---|
| Name |
| 1500 Pennsylvania Avenue |
| Address where defendant may be served |

| Washington | DC | 20220 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| |
|---|
| Name |
| |
| Address where defendant may be served |

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

Name

Address where defendant may be served

County, City | State | Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**Internal Revenue Service**
Name

**290 Broadway 6th Floor**
Address

**New York** | **NY** | **10007**
County, City | State | Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: **retaliation**

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: PTSD, asthma, arthritic knees and elbows

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: PTSD, asthma, arthritic knees and elbows

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge?  Mid June 2018

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice?  September 27, 2018

    When did you receive the Notice?  _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
Front pay for time that will be spent unemployed after forced resignation; damages for pain and suffering due to harassment and recurrence of PTSD symptoms

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| December 13, 2018 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Jose | B | Castillo |
| First Name | Middle Initial | Last Name |
| 19 Greenfield Court | | |
| Street Address | | |
| Staten Island | NY | 10304 |
| County, City | State | Zip Code |
| 347-466-5467 | | dkc.castillo@yahoo.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

Jose Castillo

Plaintiff's Protected Status

1. Plaintiff Jose Castillo is a disabled veteran and a 9/11 survivor. He suffers from post-traumatic stress disorder (PTSD), osteoarthritis in both of his knees, arthritic elbows, and asthma. He wears braces on both knees due to the osteoarthritis. As a result of his osteoarthritis, he is disabled in that he has difficulty walking and carrying heavy loads.[1]

2. Upon information and belief, Plaintiff's supervisors were aware of his disability (osteoarthritis) throughout his employment with the United States Department of Treasury ("Defendant").

Plaintiff's Employment with Defendant

3. Plaintiff was hired by Defendant as an internal revenue agent on April 25, 2009.

4. As an internal revenue agent, Plaintiff's responsibilities included completing audits of tax returns for large businesses.

5. Throughout his employment with Defendant, Plaintiff not only performed his duties as an internal revenue agent satisfactorily, but routinely received high appraisals which allowed him to qualify for cash bonuses.

Defendant Discriminated Against Plaintiff on the Basis of His Disability

6. On June 20, 2017, Plaintiff's manager, Kennett Cantrell, informed Plaintiff that a complaint had been filed against him by a third party alleging that Plaintiff had prevented the third party from contacting Mr. Cantrell. These allegations were false, as the third

---

[1] This document was prepared with the assistance of NYLAG's Legal Clinic for Pro Se Litigants.

party, a taxpayer who had worked with Plaintiff for four years, had previously been given Mr. Cantrell's contact information.

7. On January 30, 2018, Plaintiff's acting manager, Agnes Schlesinger, asked that Plaintiff provide his physical case files for review. Specifically, Plaintiff was instructed to bring his paper files to a meeting with his acting manager and the territory manager, Guy DiSpigna, in order to discuss the allegations.

8. The meeting was to be held in the Mr. DiSpigna's office, which is located in a different building from where Plaintiff works. The files that were requested filled two and a half file cabinet drawers.

9. Due to his osteoarthritis, Plaintiff was unable to carry the case files across the street. If he had tried he would have experienced severe pain in his knees, and he therefore provided the files electronically instead.

10. Upon information and belief, Defendant's standard procedure when a supervisor reviews a case with an internal revenue agent is to ask internal revenue agents to produce their case files electronically. None of Plaintiff's colleagues was ever required to bring hard copies of their files to their meetings.

11. Following Defendant's January 30 request, Plaintiff informed his Ms. Schlesinger that the documents she was requesting would fill two and a half file cabinets, and explained that he could not bring them across the street. Ms. Schlesinger was fully aware of Plaintiff's knee disability, including the fact that he wears braces.

12. On February 6, 2018, Ms. Schlesinger continued to request that he bring the physical files across the street to Mr. DiSpigna's, even though he had already provided them electronically.

13. On February 8, 2018, Ms. Schlesinger scheduled another meeting at the Mr. DiSpigna's office and instructed Plaintiff to bring the physical case files.

14. Due to his disability, Plaintiff was unable to meet either of these requests.

15. This series of events caused Plaintiff severe emotional distress and triggered his PTSD symptoms. In or around February 2018, Plaintiff had to call the U.S. Department of Veterans Affairs (VA) crisis hotline due to his anxiety and lack of sleep. In the first week of March 2018 Plaintiff visited the Manhattan office of the World Trade Center Health Program to speak with a therapist about his PTSD symptoms.

Defendant Retaliated

16. In or around April 2018, Plaintiff spoke to IRS EEO Specialist Maria Freidman about his discriminatory treatment by Ms. Schlesinger and Mr. DiSpigna. Ms. Freidman suggested that Plaintiff participate in a mediation session with Mr. DiSpigna and Defendant's District Field Officer in order to resolve the issues.

17. On May 3, 2018, Plaintiff participated in a mediation conference with Mr. DiSpigna and Defendant's District Field Officer. During this conference, the District Field Officer attempted to intimidate Plaintiff by telling him that the third party tax payer who had previously brought the allegations against Plaintiff had complained to the IRS Commissioner directly.

18. On May 22, 2018, Plaintiff filed an official complaint with the Treasury Department's (Defendant's) Civil Rights and Diversity Office.

19. After filing the complaint, in June 2018, Plaintiff was given a lower appraisal than he had received in the past five cycles signed by his new manager, Joseph Kennedy, and Mr.

DiSpigna. In the appraisal, Plaintiff was accused of having used poor grammar in various documents he had submitted, and of deviating from the IRS procedure for interacting with clients. Plaintiff categorically denies both of these allegations. In each of the past four prior cycles, Plaintiff received a cash award as a result of his excellent appraisal.

20. As a result of his atypically poor appraisal in June 2018 he was not entitled to any cash award.

21. The timing of the poor appraisal, and the fact that it was a sharp departure from all prior appraisals, raise an inference that the poor appraisal was given in retaliation for the complaint about disability discrimination that Plaintiff filed in May 2018.

Procedural History

22. On June 11, 2018, Defendant's Civil Rights and Diversity Office dismissed Plaintiff's complaint for failure to state a claim.

23. Approximately 10 days after receiving the dismissal, Plaintiff filed a timely appeal against Defendant with the EEOC's Office of Federal Operations, alleging that the disability discrimination and retaliation described above had caused his PTSD symptoms to increase, requiring him to seek professional help from VA medical professionals.

24. On September 27, 2018, the EEOC's Office of Federal Operations issued a finding in favor of Plaintiff, reversing Defendant's final decision and remanding the matter to Defendant for further review. According to the EEOC's order, Defendant is required to provide Plaintiff with a copy of the investigative file and to process the remanded claims within 30 days of the issuance of the decision, notifying Plaintiff of the appropriate rights within 150 days of the decision. According to the EEOC's remand, Defendant must also

send to the Compliance Officer: 1) a copy of Defendant's letter of acknowledgement to Plaintiff, 2) a copy of Defendant's notice that transmits the investigative file and notice of rights, and 3) either a copy of the Plaintiff's request for a hearing, a copy of Plaintiff's request for a FAD, or a statement from the agency that it did not receive a response from Plaintiff by the end of the election period. The EEOC also noted that Plaintiff had the option to sue Defendant in federal court within 90 days.

25. On Nov 19, 2018, Defendant issued Plaintiff an ultimatum, insisting that he either resign or remain employed and exercise his right to appeal Defendant's decision.

26. The initial complaint and appeals process had exacerbated Plaintiff's PTSD symptoms, and Plaintiff's mental state had deteriorated sufficiently by November that he felt unable to pursue an appeal while continuing to work. Plaintiff was thus forced to resign, and will complete his last day of work on December 28, 2018.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 77960**
**Washington, D.C. 20013**
Oct 03, 2018

COPY OF EEOC'S COMPLIANCE LETTER TO THE AGENCY

Jose Castillo
19 Greenfield Court
Staten Island, NY 10304

Castillo v. Department of Treasury -
DTR Internal Revenue Service
REF: Compliance #: 2019000017
Appeal #    : 0120182324
Agency Number(s): IRS-18-0320-F

Dear Sir/Madam:

The Commission's decision in appeal number 0120182324 directed your agency to accept the complainant's complaint for processing. This letter is to inform you that your compliance with that decision will be monitored under the compliance number cited above. Please upload into FedSEP your compliance report and supporting documents, and use that compliance number in all related correspondence. However, if you decide to request a reconsideration, the request must be addressed to the Commission or uploaded into the electronic portal. CAVEAT: THERE IS NO FURTHER RIGHT OF ADMINISTRATIVE APPEAL FROM THE DECISION OF THE COMMISSION ON A REQUEST FOR RECONSIDERATION (05) OR FROM A PETITION FOR ENFORCEMENT (04).

Your compliance report must be in writing. It should indicate that the matter has been accepted for processing, and identify a contact person to whom the complainant can be referred for questions. A copy of your compliance report and supporting documents must be sent to the complainant and the complainant's representative. Upon completion of the compliance process, you are to submit a FINAL COMPLIANCE REPORT indicating how the matter was resolved, i.e. the complaint was settled, the complaint was withdrawn, a final decision was issued, a hearing was requested, etc. The final compliance report must include appropriate supporting documentation.

Your cooperation in this matter will be greatly appreciated.

Sincerely,

Robert J. Barnhart

Robert J. Barnhart, Director
Compliance and Control Division

CC:



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Jose Castillo, a/k/a
Maynard G,[1]
Complainant,

v.

Steven T. Mnuchin,
Secretary,
Department of the Treasury,
Agency.

Appeal No. 0120182324

Agency No. IRS-18-0320-F

DECISION

Complainant filed a timely appeal with the Equal Employment Opportunity Commission (EEOC or Commission) from the Agency's decision dated June 11, 2018, dismissing his complaint of unlawful employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Revenue Agent, 0512, GS-13 at the Agency's Internal Revenue Service facility in New York, New York.

On May 22, 2018, Complainant filed a formal complaint alleging that the Agency subjected him to harassment and discrimination on the bases of disability (PTSD and knees) and age when (1) on June 20, 2107, the Agency's management informed him that there was a complaint filed against him by a third party and believed the false accusations against Complainant; (2) on January 30, 2018, the Agency's management informed Complainant of additional information and allegations from the third party and requested Complainant provide his physical case files for review and come to a meeting, without sharing any information

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                           0120182324

regarding the complaint from the third party with Complainant; (3) on February 6, 2018, the Agency's management required Complainant to explain why he needed to work on flex and continued to request Complainant produce the physical case files; (4) on February 8, 2018, the Agency's management scheduled a meeting and told Complainant to bring the physical case files; and (5) on February 14, 2018, the Agency management instructed support staff to arrange a date and time for Agency management to go over Complainant's case inventory.

Complainant asserts this series of events has caused him emotional stress. He suffers from post-traumatic stress disorder (PTSD) and osteoarthritis in both knees. He wears braces on both of his knees due to osteoarthritis. He alleges that he has informed the Agency's management that the files they are requesting that he physically transport fill two and a half file cabinet drawers. The Agency management is aware of his knee disability, including his wearing braces, but continues to request that he physically transport the case files to another building. Complainant has attempted to provide the files electronically, but the Agency management continues to require him to physically transport the case files. Complainant also alleges that the Agency's management does not require such a review the case inventory of other Agents. He alleges the Agency's harassment has been ongoing.

On June 11, 2018, the Agency dismissed the complaint pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. In so doing, the Agency found the issue was whether, based on his age (YOB: 1951) and disability, the Agency subjected Complainant to discrimination when, on or about February 15, 2018, Complainant's supervisor asked Complainant to meet in person with Complainant's supervisor and a territory manager to review a case and bring the case file with him; and informed Complainant that someone had complained about him, but refused to inform him of the nature of the complaint. The Agency found that being asked to attend a meeting to discuss a case and to bring the case file along to the meeting and being told that someone complained about him, even if true, does not result in present harms of losses to a term, condition, or privilege of employment for which there is a remedy. Thus, the Agency found Complainant was not "aggrieved" as defined in the regulations and, therefore, dismissed his claim.

The instant appeal followed. On appeal, Complainant asserts that the alleged discrimination and harassment has caused his PTSD symptoms to increase, requiring him to seek professional help from the U.S. Department of Veterans Affairs. He reiterates his assertion that no other employee reporting to his territory manager was required to have a review of his case inventory. He further explains that his case files are large and heavy and, given his knee disability and his wearing braces, it would be an unnecessary strain and health risk for him to physically transport the case files. He further alleges that he received an appraisal that was lower than the appraisals that he has received in the last 4 or 5 cycles, in reprisal for filing the current complaint. He typically would receive a cash award associated with his appraisal, but because of this lower appraisal, he will not be entitled to any cash award.

ANALYSIS AND FINDINGS

An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age or disabling condition. 29 C.F.R. §§ 1614.103, .106(a). The Commission's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994). When the complainant does not allege he or she is aggrieved within the meaning of the regulations, the agency shall dismiss the complaint for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1).

The Agency did not address Complainant's harassment allegations. As discussed above, Complainant alleged the Agency subjected him to ongoing harassment and discrimination, on the bases of disability and age, in a series of events. In Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993), the Supreme Court reaffirmed the holding of Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986), that harassment is actionable if it is sufficiently severe or pervasive to alter the conditions of the complainant's employment and create a hostile or abusive working environment." See also Oncale v. Sundowner Offshore Services. Inc., 23 U.S. 75 (1998). The Court explained that an "objectively hostile or abusive work environment [is created when] a reasonable person would find [it] hostile or abusive" and the complainant subjectively perceives it as such. Harris, 510 U.S. at 21-22. Thus, a claim of harassment is actionable only if, allegedly, the harassment to which the complainant has been subjected was sufficiently severe or pervasive to alter the conditions of the complainant's employment.

Towards establishing his claim of harassment, Complainant alleged that the Agency's management has repeatedly requested he physically transport case files from one building to another, while knowing he has a knee disability requiring the use of braces on both legs. He asserts that his physically transporting the case files would impose a physical strain and health risk. He noted specific instances on January 30, 2018, February 6, 2018, and February 8, 2018 where Agency management requested he transport case files. We find these alleged incidents are sufficient, in conjunction with the allegation regarding Complainant being given a lower appraisal in reprisal for his filing the instant complaint, to rise to the level of actionable harassment.

Therefore, we reverse the Agency's dismissal of the complaint and remand it back for investigation and further processing. As redefined, the complaint alleges that the Agency subjected Complainant to harassment and discrimination on the bases of disability (PTSD and knees) and age when Complainant was subjected to ongoing harassment, including being requested to transport case files on January 30, 2018, February 6, 2018, and February 8, 2018; and (2) Complainant received a lower appraisal in reprisal for filing the instant claim. These allegations are sufficient to establish that Complainant is an "aggrieved employee" within the meaning of the regulations.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we REVERSE the Agency's final decision and REMAND the matter for further processing in accordance with the ORDER below.

## ORDER (E0618)

The Agency is ordered to process the remanded claims in accordance with 29 C.F.R. § 1614.108 et seq. The Agency shall acknowledge to the Complainant that it has received the remanded claims **within thirty (30) calendar days** of the date this decision was issued. The Agency shall issue to Complainant a copy of the investigative file and also shall notify Complainant of the appropriate rights **within one hundred fifty (150) calendar days** of the date this decision was issued, unless the matter is otherwise resolved prior to that time. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision **within sixty (60) days** of receipt of Complainant's request.

As provided in the statement entitled "Implementation of the Commission's Decision," the Agency must send to the Compliance Officer: 1) a copy of the Agency's letter of acknowledgment to Complainant, 2) a copy of the Agency's notice that transmits the investigative file and notice of rights, and 3) either a copy of the complainant's request for a hearing, a copy of complainant's request for a FAD, or a statement from the agency that it did not receive a response from complainant by the end of the election period.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0618)

Under 29 C.F.R. § 1614.405(c) and § 1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42

U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one**

6                                                                                                0120182324

hundred and eighty (180) calendar days of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*/s/ Carlton M. Hadden/*
Carlton M. Hadden, Director
Office of Federal Operations

**SEP 2 7 2018**
Date

7                                                                    0120182324

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Jose Castillo
19 Greenfield Court
Staten Island, NY  10304

Mariam G. Harvey, Director, EO Programs
Department of the Treasury
Office of Civil Rights and Diversity
1500 Pennsylvania Avenue NW
Washington DC 20220

SEP 2 7 2018
Date

*(signature)*
Compliance and Control Division